# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ARTEMIO E. CAJA,<br>　　　　　　Petitioner,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DOCKET NUMBER<br>CB-1205-15-0040-U-1<br><br><br>DATE: September 22, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Rizalino S. Cayle, Olongapo City, Philippines, for the petitioner.

Beth Cobert, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The petitioner asks the Board, pursuant to 5 U.S.C. § 1204(f), to review the regulation of the Office of Personnel Management (OPM) at 5 C.F.R. § 831.201(a)(13).  For the reasons discussed below, we DENY the petitioner's request as barred by res judicata.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION

¶2  The Board has original jurisdiction to review rules and regulations promulgated by OPM. 5 U.S.C. § 1204(f). The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, on its face, require any employee to commit a prohibited personnel practice as defined by 5 U.S.C. § 2302(b). *See* 5 U.S.C. § 1204(f)(2)(A). Similarly, the Board has the authority to determine that an OPM regulation has been invalidly implemented by an agency if the Board determines that the provision, as implemented, has required any employee to commit a prohibited personnel practice. 5 U.S.C. § 1204(f)(2)(B).

¶3  The petitioner contends that 5 C.F.R. § 831.201(a)(13) violates 5 U.S.C. § 8332(e) and various other provisions because OPM's regulation excludes from civil service retirement coverage employees like the petitioner who served under an indefinite appointment made after January 23, 1955. The petitioner challenges OPM's exclusion of such indefinite employees pursuant to its authority under 5 U.S.C. § 8347(g), to exclude temporary or intermittent employees from such coverage. However, the petitioner has unsuccessfully litigated this identical claim on the merits in a previous case. *See Caja v. Office of Personnel Management*, 585 F. App'x 1008 (Fed. Cir. 2014). The doctrine of res judicata precludes a second action involving the same parties and based on the litigation of claims that were, or could have been, asserted in the prior proceeding. *Francisco v. Office of Personnel Management*, 80 M.S.P.R. 684, 686-87 (1991). Accordingly, we dismiss the petitioner's request for regulation review as barred by res judicata.

¶4  This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, Section 1203.12(b) (5 C.F.R. § 1203.12(b)).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                                          The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.